

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,696-01

### EX PARTE ARTURO SOLORZANO MEDRANO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. F10-34786-S IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and sentenced to twenty-five years' imprisonment. His appeal was dismissed because notice of appeal was untimely filed. *Medrano v. State*, No. 05-14-00129-CR (Tex. App. — Dallas, March 4, 2014) (not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance because counsel did not investigate, explain the nature of the charges to Applicant, or adequately communicate

Applicant's options to him. Applicant alleges that he could not speak, read or write English, but that he was not provided with an interpreter at trial. The habeas record indicates that Applicant pleaded "not guilty" and was found guilty by a jury, but also contains copies of a judicial confession and sex offender admonitions signed by Applicant. Furthermore, the trial court apparently certified that Applicant had waived his right to appeal, but the record does not contain such a waiver.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant was convicted and sentenced on a plea of "not guilty," or whether Applicant entered into a plea at the punishment stage after having been found guilty by a jury. If Applicant did waive expressly waive his right to appeal, the trial court shall supplement the habeas record with evidence of such a waiver. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for

habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 4, 2015
Do not publish